[Civ. No. 324. First Appellate District—December 20, 1906.]

## A. A. DICKIE, Appellant, v. L. A. STEIGER, Respondent.

FRAUD IN OBTAINING CONTRACT—MONEY PAID FOR RELEASE—ACTION FOR DAMAGES—INSUFFICIENT COMPLAINT.—A complaint alleging fraud of the defendant in obtaining a contract for an exclusive right for twenty years to the output of deposits of lime, cement, rock and clay in plaintiff's land, under the false representation of large means, and a promise to erect large factories, and secure

to plaintiff a large income, made without any intention of performance, and with intent to deceive and defraud the plaintiff, who was then infirm in mind and body and unable to manage his affairs, that the recorded contract clouded plaintiff's title, and that in order to sell the land, he was compelled to pay $1,500 to secure a release, and praying damages for $12,000, does not state a cause of action.

ID.—ABSENCE OF NECESSARY AVERMENTS.—The complaint fails to state what time elapsed after the contract was made, when the money was paid to secure the release, or when the improvements or factories were to be erected, or that a reasonable time for their erection had elapsed, or that when he paid the .$1,500 for the release in order to be able to sell the property, he was unable properly to conduct his business affairs.

ID.—COMPROMISE OF DISPUTED CLAIM—CONSIDERATION.—The defendant having a right under the contract to claim that the contract was valid, and secured to him valuable rights for twenty years, and that it was executed upon a sufficient consideration and not procured by fraud, and having surrendered all rights thereunder for the $1,500 paid, as a compromise of the disputed claim to avoid litigation, such surrender and payment were a sufficient consideration for the compromise.

ID.—POLICY OF LAW TO FAVOR COMPROMISES.—It is the policy of the law to discourage litigation and to favor compromises and voluntary settlements. The compromise of a doubtful claim is usually valid, and the mutual release of their respective rights by the parties to the controversy and the desire to avoid a suit at law are a sufficient consideration for such compromise.

ID.—MENTAL CAPACITY NOT TO BE MEASURED.—Courts cannot measure the mental capacity of every person who enters into a business transaction. There is not even an attempt to allege that at the time of the compromise, plaintiff did not fully understand and know what he was doing.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. A. Hosmer, Judge.

The facts are stated in the opinion of the judge.

H. G. W. Dinkelspiel, and E. M. Billings, for Appellant.

Lent & Humphrey, for Respondent.

COOPER, J.—This is an appeal from a judgment entered in favor of defendant, by default, plaintiff having declined

to amend after an order made sustaining defendant's demurrer
to the complaint. We conclude that the demurrer was prop-
erly sustained. The complaint states that the plaintiff, being
the owner of the premises described therein, in which were
large and valuable deposits of lime or cement rock and clay,
suitable for use in making Portland cement, entered into a
contract in writing with defendant on the fifth day of Novem-
ber, 1900, whereby the defendant was given sole control of
the entire output of said lime or cement rock and clay for
the term of twenty years upon certain terms and conditions,
which are not fully stated, but by which the plaintiff was to
derive an income from a share of the profit of the said pro-
ducts of said land; that the contract was recorded with the
county recorder of the county in which the land is situated and
thus clouds the plaintiff's title. That defendant obtained the
said contract by representing to the plaintiff that he and his as-
sociates were possessed of large means and desired to and
would erect large factories thereon and employ hundreds of
men, and that plaintiff's income under the arrangement would
be the annual sum of from seven to twelve thousand dollars;
that said representations and promises were false and made
with the intent to deceive and defraud the plaintiff and with
no intention on the part of defendant of performing them.
That plaintiff at the time of entering into said contract was
sixty-two years of age, infirm in mind and body and unable
to properly conduct his business affairs; that plaintiff after-
ward found a purchaser for said property who was ready, able
and willing to purchase the same, but that the said agreement,
so recorded, clouded plaintiff's title and thus prevented a sale,
and that defendant refused to release the plaintiff from said
agreement; that because of plaintiff's necessities and the fear
of losing the contemplated purchaser, the plaintiff did not have
time to bring suit in the ordinary course to cancel said contract
and remove the cloud from said title, and he was compelled to
pay and did pay to defendant the sum of $1,500 to procure a
release of said contract so that the sale might be consummated.
Judgment was prayed for $12,000 damages, for general relief
and for costs.

While the complaint alleges that defendant did not perform
his part of the contract and did not erect the factories and
make the improvements he agreed to make, there is no allega-

tion as to the time that had elapsed after the contract was made. In fact, the complaint wholly fails to state when such improvement or factories were to be erected. It is not even alleged that the improvements were to commence within a reasonable time, or that a reasonable time had elapsed. It may be true, so far as the complaint informs us, that the contemplated sale, under which the $1,500 was paid to obtain a release, and the payment of the $1,500, were made the day or the week after the contract had been made and recorded. Plaintiff alleges that when the contract was made he was unable to *properly conduct his business affairs.* The same might be said of the great majority of men. It is because of such fact that some men become wealthy, while others are always poor. It is not, however, alleged that at the time plaintiff paid the defendant the $1,500 and procured a release of the twenty-year contract he was feeble in mind or unable to properly conduct his business affairs.

Without regard to the question as to the rights the plaintiff might have had to come into a court of equity and obtain a decree canceling the contract which had been placed of record, he cannot, upon the allegations of his complaint, maintain this action. Defendant apparently had valuable rights under a contract in writing in regard to real estate running for twenty years. He had at least the right to claim that the contract was valid, executed upon sufficient consideration and not obtained by any false or fraudulent representations. All these rights he surrendered in consideration of the $1,500 paid to him by plaintiff. Plaintiff now seeks to recover back the sum so paid without restoring to defendant the rights he released. It may be that the value of the contract to defendant was worth more than $1,500 and that to avoid litigation and any appearance of wronging an old man, defendant concluded to compromise for the $1,500. It is the policy of the law to discourage litigation and to favor compromises and voluntary settlements. The compromise of a doubtful claim is usually valid and the mutual release of their respective rights by the parties to the controversy, and the desire to avoid a suit at law, are sufficient consideration for such compromise. Courts cannot measure the mental capacity of every person who enters into a business transaction. There is as much difference in the mental capacities of parties to make contracts or enter

4 Cal. App.—40

into business transactions as in their weight, height or features. There is not even an attempt made to allege that the plaintiff did not fully understand and know what he was doing when he paid the $1,500 and procured the release of the contract from defendant.

The judgment is affirmed.

Hall, J., and Harrison, P. J., concurred.